UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

P. J. Stevens,

      Plaintiff,

vs.                        REPORT AND RECOMMENDATION

Kanabec County Family Sevcices,

      Defendant.            Civil No. 08-517 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of the Plaintiff P. J. Stevens for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2.

For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that this action be summarily dismissed.

II. Factual and Procedural Background

Most of the Plaintiff's current Complaint is unintelligible because it contains no complete sentences, except when the Complaint quotes other documents. The

Complaint is a two-page amalgam of sentence fragments, which shed very little light on the basis, or objective, of this lawsuit.

As best as we can tell, a State civil commitment action was brought against the Plaintiff at some time in 2008. Apparently, the named Defendant, "Kanabec County Family Sevcices [sic]," sought to have the Plaintiff committed under Minnesota law, because he allegedly suffers from a mental illness that causes him to be a danger to himself, or to others. Those commitment proceedings were initiated, apparently, in the State District Court for Kanabec County, Minnesota. According to the Complaint, a "Judgment of a civil commitment was ordered." <u>Complaint</u>, <u>Docket No. 1</u>, p. 1. However, the Complaint provides no other information about what occurred during the course of the alleged civil commitment proceedings, or how those proceedings were resolved.

Although the Complaint suggests that the Plaintiff has been civilly committed, and taken into State custody, we note that, according to his IFP application, he is **not** incarcerated at this time. Furthermore, the Complaint states that the Plaintiff is currently residing in Isle, Minnesota, which, so far as we know, does not have any State detention facilities. As a result, it is unclear whether the Plaintiff is, in fact,

currently in State custody as a result of the commitment proceedings that are referenced in the Complaint.

In any event, the Plaintiff now seems to allege that the Defendant initiated, and prosecuted, the civil commitment proceedings against him based on "false information." The Plaintiff is seeking a Judgment against the Defendant for "Comsention [sic] for loses [sic] and or guidline [sic] for such." Id.

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief may be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of a most indulgent construction, the Plaintiff's pleading fails to state an actionable claim against the only named Defendant.

To state an actionable claim for relief, a complainant must allege a set of historical facts which, if proven true, would entitle him to some legal redress against the named defendant, based upon some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a

matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

The present Complaint does not provide any comprehensible information about the historical events and circumstances on which this action is based. The Plaintiff has vaguely alleged that the referenced civil commitment proceedings were based on "false information," but he has not described any **specific** false information presented in connection with those proceedings. More significantly, the Plaintiff has not described any specific acts or omissions, **by the named Defendant itself**, which, if proven true at Trial, would entitle the Plaintiff to a Judgment against the Defendant.

In addition, the Plaintiff has failed to clearly identify the legal doctrine, principle, or theory, on which his lawsuit purportedly is based, nor does he state the basis for the Court's jurisdiction. Our best guess is that the Plaintiff may be attempting to sue the Defendant under Title 42 U.S.C. §1983, for allegedly violating his Federal constitutional rights, although that guess is sheer conjecture, as the Complaint does not mention Section 1983, or any Federal constitutional rights.

However, a municipal agency, such as the Defendant here,[1] "may be held liable under Section 1983 only if a municipal custom or policy caused the deprivation of [a] right protected by the constitution or federal laws." Angarita v. St. Louis County, 981 F.2d 1537, 1546 (8th Cir. 1992); see also, Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 223 (8th Cir. 1994)("[M]unicipal governments can be held liable for the acts of their employees in contravention of the civil rights of individuals only upon a showing that a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' is the motivating force behind the acts of those employees"), quoting Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). Here, the Plaintiff has not alleged that his constitutional rights were violated because of a specific policy, custom, or practice, which has been adopted by the Defendant. Therefore, even if the Plaintiff intended to bring this action under Section 1983, his Complaint would not state an actionable claim for relief.[2]

---

[1] While we question whether the Defendant, "Kanabec County Family Sevcices," is truly an independent legal entity, which is separate and distinct from the Kanabec County Municipal Corporation, we will assume, without deciding, that the named Defendant is a distinct entity that can be sued in its own name.

[2] The Complaint also contains the word "slanduar" [sic], without any context or explanation, which suggests that the Plaintiff **might** be trying to assert a defamation claim against the named Defendant. However, defamation is a **State** tort law claim,
(continued...)

Since the Plaintiff's Complaint fails to state any viable cause of action on which relief can be granted, we recommend that this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii), and that his IFP application be denied as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.    That the Plaintiff's Application to Proceed <u>In Forma Pauperis</u> [Docket No. 2] be denied as moot.

2.    That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: April 2, 2008                     *s/Raymond L. Erickson*
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE JUDGE

---

²(...continued)
which cannot be brought in Federal Court, unless there is diversity of citizenship, or a related claim, which is based on Federal law, and which gives rise to the Court's Supplemental Jurisdiction. See, <u>Title 28 U.S.C. §§1331, 1332 and 1367</u>. Here, there is no diversity of citizenship, as the Complaint identifies both the Plaintiff, and the Defendant, as Minnesota residents, and there is no apparent Federal law claim that could give rise to our Supplemental Jurisdiction. Therefore, if the Plaintiff were attempting to sue the Defendant for defamation, or for any other State law claim, the action would have to be summarily dismissed for lack of Subject Matter Jurisdiction.

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 18, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **April 18, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.